Allegheny County,  :
                 Petitioner  :
   :
   :
       v.  :
   :
   :
Pennsylvania Labor Relations  :
Board,  :   No. 206 C.D. 2022
                Respondent  :   Argued:  May 8, 2023

BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION BY
JUDGE COVEY                        FILED:  May 31, 2023

Allegheny County (County) petitions this Court for review of the Pennsylvania Labor Relations Board's (Board) April 20, 2021 Final Order denying the County a setoff for unemployment compensation (UC) benefits against its back pay award issued to County Prison Corrections Officer John Theis (CO Theis). The County presents two issues for this Court's review: (1) whether the Board erred by disallowing a setoff for UC benefits against CO Theis' back pay award; and (2) whether substantial record evidence supported the Board's findings and conclusion that a setoff was not appropriate. After review, this Court affirms.

**Background**

In January 2017, the County discharged CO Theis, after which, he applied for UC benefits that he began receiving in February 2017. The County appealed from the grant of UC benefits and obtained a favorable order discontinuing those UC benefits for CO Theis. CO Theis received a total of $5,680.00 in UC

benefits before they were discontinued in February 2017. The Office of UC Benefits ruled that CO Theis owed $5,680.00 as a no-fault overpayment.

CO Theis filed a grievance against the County alleging therein that the County had discharged him in violation of its collective bargaining agreement with the County Prison Employees Independent Union (Union). On October 4, 2017, an arbitrator issued a grievance arbitration award (October 4, 2017 Award) upholding CO Theis' grievance, stating:

> The grievance is granted in that the discharge was not for just cause and it is rescinded. The discharge is converted to a suspension with seniority and seniority[-]related benefits, but without back[ ]pay until the date of th[e October 4, 2017] Award, after which [CO Theis] should be reinstated with full seniority and benefits, effective the next work week. **I shall retain jurisdiction for ninety (90) days to resolve any issues concerning this award**.

Reproduced Record (R.R.) at 40a (emphasis added). The County appealed from the October 4, 2017 Award to the Allegheny County Common Pleas Court (trial court), which affirmed the October 4, 2017 Award.[1] The County did not appeal from the trial court's order. The first work week, after the October 4, 2017 Award, began on October 8, 2017. However, the County did not reinstate CO Theis to work until March 4, 2018.

**Facts**

On May 7, 2018, the Union filed, with the Board, a Charge of Unfair Labor Practices, which was later amended on June 1, 2018, alleging therein that the County violated Section 1201(a)(1) and (5) of the Public Employe Relations Act (PERA)[2] for its failure to timely reinstate CO Theis. On June 20, 2018, the Board's

---

[1] The County argued that the reduction of discipline was improper.
[2] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. § 1101.1201(a)(1), (5).

2

Secretary issued a Complaint and Notice of Hearing directing that a hearing be held on October 26, 2018. The hearing was held before a Board hearing examiner (Hearing Examiner) as scheduled, and, on April 3, 2019, the Hearing Examiner issued a Proposed Decision and Order (April 3, 2019 PDO). Therein, the Hearing Examiner concluded that the County violated Section 1201(a)(1) and (5) of PERA by delaying CO Theis' return, contrary to the October 4, 2017 Award. The Hearing Examiner directed the County to make CO Theis whole by providing him with full back pay and seniority benefits from October 8, 2017 to March 4, 2018, the date of his reinstatement, along with 6% interest. The County did not file exceptions to the April 3, 2019 PDO and, therefore, that decision became final and binding on April 23, 2019.

Pursuant to the April 3, 2019 PDO, the County issued CO Theis a check in the amount of $10,712.89 as back pay for the period between October 8, 2017 and March 4, 2018. The County calculated the total gross back pay amount owed to CO Theis as $30,720.41. From this amount, the County deducted, *inter alia*, $11,360.00 for UC benefits. Although CO Theis received $5,680.00 in UC benefits, **the County incorrectly deducted double that amount**. The County also deducted a healthcare premium contribution of $808.11 from CO Theis' back pay. The parties' collective bargaining agreement provides for a 2.5% deduction for healthcare contributions from a bargaining unit member's wages. **The County mistakenly deducted an extra $41.08 from CO Theis' back pay for healthcare contributions**.

On May 26, 2020, the Union filed a request for a compliance hearing with the Board. The Board held a compliance hearing on September 21, 2020, at which time all parties in interest were afforded a full opportunity to present testimony, cross-examine witnesses, and introduce documentary evidence. Both parties filed post-hearing briefs. On February 4, 2021, the Hearing Examiner issued a Proposed Decision and Order (February 4, 2021 PDO), concluding therein that the

3

County failed to comply with the April 3, 2019 PDO by deducting UC benefits from the calculation of back pay owed to CO Theis. The Hearing Examiner ordered the County to reimburse CO Theis for the amount of UC benefits deducted from his back pay amount, plus interest. On February 24, 2021, the County timely filed exceptions and a memorandum of law with the Board challenging the February 4, 2021 PDO. The Union filed a response to the exceptions on March 2, 2021. On April 20, 2021, the Board dismissed the County's exceptions and the February 4, 2021 PDO became absolute and final. The County appealed to this Court.[3, 4] On September 26, 2022, the Board filed a Petition for Special and Summary Relief (Application). By November 1, 2022 Order, this Court directed that the Application be listed with the merits of the County's Petition for Review.

## Discussion

**Application**

The Board argues that special relief is warranted in this matter under Pennsylvania Rule of Appellate Procedure (Rule) 1532(a) because the County did not except to, and admitted on the record, that it owes CO Theis the money erroneously deducted from his back pay amount, i.e., $41.08 for healthcare contributions and $5,680.00 for UC benefits. The Board contends that the County has not reimbursed CO Theis for these undisputed amounts or provided any reason for the almost two-year delay.[5] In its Application, the Board specifically requests

---

[3] "Our scope of review is limited to determining whether an error of law was committed, whether there was a violation of constitutional rights, or whether the [Board's] necessary findings of fact are supported by substantial evidence." *Lancaster Cnty. v. Pa. Lab. Rels. Bd.*, 62 A.3d 469, 472 n.6 (Pa. Cmwlth. 2013) (citations omitted).

[4] On March 15, 2022, the Union filed a Notice of Intervention.

[5] In this Court's November 1, 2022 Order, it directed that the County "may file a reply brief addressing [the Board's] Application . . . to address any issues raised by the Application . . . not addressed in its principal brief on the merits." *Id.* The County did not file a reply brief. However, the County did note in its primary brief: "[The] County acknowledged an error in the initial

4

that this Court order the County to make CO Theis whole by reimbursing him $41.08 and $5,680.00 as the Board directed, pending this Court's disposition of the Petition for Review.

Initially, Rule 1532(a) provides: "At any time after the filing of a petition for review, the court may, on application, . . . grant other interim or special relief required in the interest of justice and consistent with the usages and principles of law." Pa.R.A.P. 1532(a). Here, it is undisputed that CO Theis received $5,680.00 in UC benefits, and the County mistakenly deducted double that amount, i.e., $11,360.00, from CO Theis' back pay award for his UC benefits. Further, it is uncontested that the County deducted an extra $41.08 from CO Theis' back pay for healthcare contributions.

Indeed, at the September 21, 2020 compliance hearing, the County's attorney, Diego Correa, Esquire (Counsel), stated on the record:

> A couple of issues I think before we even get to the actual issues. I think the matters that we have to agree on and we do agree on is that, first of all, yes, **there was an error with regard to the amount taken off for the health insurance**. The [25%] difference for seven pay periods. And that totals to $41.08. There was an error made by our clerk. There's - the other issue about the excess of [UC benefits], there was a document and we have it as part of our exhibits that shows that the County recorded payments of $11,360.[00.]
>
> I've spoken to [CO Theis' attorney] before and had indicated that given the evidence presented, **we** could **agree that that was in excess**. And it was **based on another error**. And **the amount should**'ve **been $5,680**.[**00**.] So we'll just leave that out there. And **there**'s **no issue with those two issues**. . . .

---

unemployment deduction. Although the deduction was incorrectly calculated as $11,360[.00], the parties corrected this error prior to this appeal." County Br. at 9 n.1. The County did not represent to this Court, or file any documentation establishing, that it reimbursed CO Theis the $41.08 and $5,680.00, which it had erroneously deducted.

5

R.R. at 62a-63a (emphasis added).

While the issue currently before this Court is whether CO Theis' UC benefits should have been deducted from his back pay award, there is no dispute that the amount of the UC benefits and the healthcare contributions deducted were in error. Accordingly, the Application is granted.

**Petition for Review**

The County first argues that the Board erred by disallowing a setoff for UC benefits against CO Theis' back pay award. Specifically, the County contends that the Board's award effectively negates the arbitrator's explicit directive: "This discharge is converted to a suspension . . . but without back[ ]pay . . . ." R.R. at 40a. The County asserts that a UC benefits award totaling $5,680.00 constitutes recoverable pay against any other award due to CO Theis. The County insists that a suspension during which an employee receives UC benefits is not a suspension, but is paid time off, particularly where the UC benefits award is subsequently reversed. *See* R.R. at 70a. The County cites *Pennsylvania Labor Relations Board v. Stairways, Inc.*, 425 A.2d 1172 (Pa. Cmwlth. 1981), to support its position. The Board rejoins that *Stairways, Inc.* is distinguishable because, here, CO Theis did not receive UC benefits *during the period* for which he was awarded back pay. The Union retorts that the UC Law[6] permits an employer to deduct UC payments from an arbitrator's back pay award, but **only** where the UC benefit payments overlap with the time period for which back pay was awarded.

At the outset, the October 4, 2017 Award expressly stated:

> The grievance is granted in that the discharge was not for
> just cause and it is rescinded. **The discharge is converted**

_____

[6] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-919.10.

6

**to a suspension** with seniority and seniority[-]related benefits, **but without back**[ ]**pay until the date of th**[e [**October 4**, **2017**] **Award**, after which [**CO Theis**] **should be reinstated** with full seniority and benefits, **effective the next work week**[, i.e., **October 8**, **2017**]. . . .

R.R. at 40a (emphasis added). The April 3, 2019 PDO provided, in relevant part:

Immediately comply with the [October 4, 2017] Award and **make [CO] Theis whole by providing him with full back pay** and seniority benefits **retroactive to and including October 8**, **2017**, with statutory interest of six per cent per annum calculated **from March [4]**, **2018**.

Supplemental Reproduced Record at 8b (emphasis added).

Section 705 of the UC Law[7] mandates: "Recoupment and/or **setoff of** [**UC**] **benefits** paid to a discharged employe, if any, **shall be determined** from employe's gross, not net, back wages if employe is reinstated by arbitrator with back pay **during** [**the**] **period back pay is awarded**." 43 P.S. § 865 (emphasis added). Here, the arbitrator awarded back pay to CO Theis from October 8, 2017, the date he was *awarded* reinstatement, to March 4, 2018, the date he was *actually* reinstated. Because CO Theis did not receive any UC benefits during that period, no setoff is required.

This Court acknowledges that the *Stairways, Inc.* Court explained:

The powers of the [Board] are remedial in nature and not punitive. The purpose of the award of back pay is to make the employee whole, not to give the employee a windfall. This Court has held that school districts are entitled to set[]off earnings from other sources including [UC] benefits against any compensation due. Since the two situations are similar, common sense dictates that [UC] benefits should also be deducted for awards of back pay granted by the [Board].

---

[7] Added by Section 8 of the Act of July 6, 1977, P.L. 41.

*Stairways, Inc.*, 425 A.2d at 1176 (citations omitted).  However, the *Stairways, Inc.* Court agreed that "any [UC] benefits received by [the employee] **during that period** should [] be deducted from the back pay." *Id.* (emphasis added).  Because CO Theis did not receive UC benefits during the period for which he was awarded back pay, the County is not entitled to a setoff for UC benefits.

The County next argues that the Board's findings supporting its conclusion that a setoff is not appropriate are not supported by substantial evidence.  Specifically, the County contends: "The Board's determination that the evidence establishes [CO] Theis owes the office of [UC] $5[,]680[.00] is unsupported by the law, contradicted by undisputed evidence of record[,] and cannot serve as substantial evidence of record supporting their decision."  County Br. at 16 (capitalization omitted).

> February 4, 2021 PDO Finding of Fact (FOF) 10 provided:
>
> [CO] Theis received a total of $5,6[8]0[.00] in [UC] payments before they were discontinued.  The last payment occurred in February 2017.  The County appealed the initial grant of [UC] benefits to [CO] Theis and the [UC] Referee subsequently issued an order in the County's favor discontinuing [UC] benefit payment[s].  **The Office of** [**UC**] **Benefits ruled that** [**CO**] **Theis owes the Office of** [UC] **Benefits $5,680.00 as a** "no[-]**fault overpayment**[.]"

County Br. Ex. 2 (emphasis added).

> Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It is the [Board's] function and not this Court's to resolve conflicts in the evidence presented, assess the credibility of witnesses, to resolve primary issues of fact and to draw inference[s] from the facts necessary for a resolution of the matter.

*Lancaster Cnty. v. Pa. Lab. Rels. Bd.*, 62 A.3d 469, 472 n.6 (Pa. Cmwlth. 2013) (citation omitted).

At the September 21, 2020 hearing, the Board admitted the UC NONFAULT OVERPAYMENT STATEMENT OF ACCOUNT (UC Statement) into evidence. *See* R.R. at 71a, 79a-80a; *see also* R.R. at 41a (Union Ex. 2). The UC Statement mailed to "[CO] THEIS" specified: "You have received a nonfault overpayment of [UC] benefits in the amount of $5,680.00." R.R. at 41a. "TOTAL BALANCE DUE: $5,680.00[.]" *Id.* Accordingly, FOF 10 is supported by substantial evidence.

It appears that the County is asserting that, because the UC Statement provided that the period for recovering the overpayment ended November 25, 2020, *see* R.R. at 41a, and the February 4, 2021 PDO was issued thereafter, FOF 10 is no longer supported by substantial evidence. However, the fact that the recovery period ended does not change the fact that the Office of UC Benefits made such a ruling.

Here, the Board concluded:

> [T]he back pay owed to [CO] Theis from October 8, 2017 through March 4, 2018[,] is due to the County's unfair practice of delaying the return of [CO] Theis to his position contrary to the terms of the [October 4, 2017 A]ward. Further, the fact that [CO] Theis received [UC] benefits during the time the arbitrator deemed to be an unpaid suspension is due to the failure of the Office of [UC] Benefits to recoup that amount and not the Hearing Examiner's order in the April 3, 2019 PDO. Accordingly, the Hearing Examiner properly found that the County failed to comply with the remedy in the April 3, 2019 PDO when it deducted [UC] benefits from the calculation of back pay owed to [CO] Theis.

County Br. Ex. 1 at 4 (April 20, 2021 Final Order at 4). This Court discerns no error in the Board's reasoning.

9

## Conclusion

The February 4, 2021 PDO concluded that the County failed to comply with the remedy ordered in the April 3, 2019 PDO (directing the County to pay CO Theis full back pay for the period of October 8, 2017 through March 4, 2018, for its failure to reinstate CO Theis as directed). Because CO Theis did not receive the UC benefits during the period of the back pay award, the Board's April 20, 2021 Final Order is affirmed.

_____

ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Allegheny County,  :
            Petitioner  :
                                          :
            v.  :
                                            :
Pennsylvania Labor Relations  :
Board,  :   No. 206 C.D. 2022
            Respondent  :

## O R D E R

AND NOW, this 31st day of May, 2023, the Pennsylvania Labor Relations Board's (Board) Petition for Special and Summary Relief is GRANTED. Allegheny County (County) is directed to reimburse County Prison Corrections Officer John Theis (CO Theis) $41.08 for the County's agreed error in the healthcare insurance premium the County deducted from CO Theis' back pay, and $5,680.00 for the agreed excess the County deducted from CO Theis' back pay for unemployment compensation, plus 6% interest, within 20 days of the date of this Order.

The Board's April 20, 2021 Final Order is AFFIRMED.


_____
ANNE E. COVEY, Judge